M. Vidal Alvarez & Cía., demandante y apelante, *v.* José Rivera y su esposa Ulpiana Rivera, demandados y apelados.

No. 5190.—*Sometido:* Noviembre 14, 1930. *Resuelto:* Noviembre 21, 1930.

*López de Tord & Zayas Pizarro*, abogados del apelante; los apelados no comparecieron.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 11 de mayo de 1929, M. Vidal Alvarez & Co., una mercantil de Ponce, demandó a José Rivera y su esposa Ulpiana Rivera, comerciante de Jayuya, en cobro de $9,131.88, y, por vía de aseguramiento de sentencia solicitó y obtuvo el embargo de bienes de los demandados. Luego pidió la venta de los bienes embargados susceptibles de deterioro, y la corte la decretó, vendiéndose en efecto por el márshal, en pública subasta, el 21 de septiembre de 1929, produciendo $770, que se depositaron en poder del secretario de la corte de distrito.

El 20 de septiembre de 1929 se registró sentencia en el

pleito, en rebeldía de los demandados, condenándose a éstos a pagar a los demandantes los $9,131.88, reclamados, con más intereses y costas.

Firme la sentencia, el 12 de noviembre de 1929 se pidió su ejecución sobre los bienes embargados no vendidos y la entrega del producto de los vendidos. La corte dictó una orden que dice:

"Vista la moción que precede la corte la declara con lugar en cuanto ordenar, como se ordena al secretario de esta corte que expida un *check* a favor de la aquí demandante por el producido líquido de la subasta efectuada en este caso, que se encuentra depositado en la Secretaría de esta corte de distrito, de cuya cantidad o producido líquido, se debe de descontar o deducir la suma de $130.19, cantidad a que asciende lo que se adeuda a El Pueblo de Puerto Rico, en concepto de contribuciones vencidas y no satisfechas por los demandados, cantidad que fué embargada por el Colector de Rentas Internas de Jayuya, P. R., pues los contribuyentes responden con todos sus bienes, INDISTINTAMENTE, al pago de las contribuciones que les hayan sido impuestas, cualquiera que sea su clase por constituir un gravamen sobre los bienes, cualquiera que sea su poseedor, y son créditos preferentes sobre los bienes muebles e inmuebles del deudor, que no resulten especialmente afectos a otras responsabilidades preferentes, tales como las establecidas en el Artículo 1823 y No. 1 del 1824, del Código Civil Revisado, que gozan de absoluta preferencia sobre todos los demás acreedores. Sucesión Romero vs. Willoughby, Tesorero de Puerto Rico, 10 D.P.R. pág. 71.

Por tanto: Se ordena al Secretario de esta corte retenga de la cantidad depositada en la Secretaría la suma de $130.19 que remitirá al Colector de Rentas Internas de Jayuya, P. R., para el pago de las contribuciones adeudadas y se ordena asimismo que por el Secretario se expida la orden de ejecución que se interesa al márshal de la Corte de Distrito de Arecibo, P. R., para la ejecución de esta sentencia sobre el resto de los bienes embargados, en este caso, los que deberá vender en pública subasta al mejor postor, y todo ello de acuerdo con la ley."

No conforme la demandante apeló para ante este tribunal, señalando en su alegato dos errores, así:

"1. La Corte de Distrito de Ponce cometió error al ordenar que del producto de la subasta de los bienes embargados por la aquí de-

mandante, y depositado en la Secretaría de la corte, se entregaran $130.19 al Pueblo de Puerto Rico, o al Colector de Rentas Internas de Jayuya, ex parte, y sin notificar ni dar una oportunidad a oponerse a la aquí demandante, y sin justificar el derecho de preferencia por parte de dicha demandante, y sin aparecer que las referidas contribuciones correspondieran a los bienes subastados, que produjeron el referido depósito.

''2. La Corte de Distrito de Ponce cometió error, al establecer una preferencia a favor de El Pueblo de Puerto Rico, para el pago de contribuciones sobre propiedad personal, cuando tales bienes habían sido vendidos a un tercero, de buena fe, y cualquier derecho o prelación que hubiera existido a favor del Pueblo de Puerto Rico, se había extinguido; errando, asimismo, al aplicar a este caso la doctrina sentada por la Corte Suprema de Puerto Rico, en el caso de *Sucesión Romero* v. *Willoughby, Tesorero de Puerto Rico,* 10 D.P.R. 71.''

La apelación fué notificada a los demandados en el pleito, al Gobernador, al Attorney General y al Tesorero de Puerto Rico. Ninguno ha hecho la más leve gestión en el recurso.

Todo lo que se encuentra en los autos en relación con el cobro de la contribución, es una carta del Colector de Rentas Internas de Jayuya, dirigida al secretario de la corte, que dice:

''Government of Porto Rico. Department of Finance. Office of Internal Revenue. Jayuya, Puerto Rico, September 24, 1929: Sr. Secretario Corte de Distrito: Señor: Me acaba de comunicar el Márshal del Distrito de Arecibo que ha remitido a usted el importe producto de la subasta celebrada sobre los bienes embargados a José Rivera Aponte de ésta el día 21 de los corrientes: Debo informar a Ud. que el señor Rivera Aponte está adeudando contribuciones a ''El Pueblo de Puerto Rico'' en cantidad de $130.19, que espero se sirva retener antes de hacer entrega de este dinero a los interesados: Muy Atentamente (fdo.) Firma ilegible. Colector de Rentas Internas.''

No comprendemos cómo, con esa sola base, pudo la corte ordenar la retención de los $130.19 de que se trata. La orden dice ''cantidad que fué embargada por el Colector de Rentas Internas de Jayuya.'' Los autos no justifican la conclusión.

Una carta de un colector dirigida al secretario de la corte, no es el medio autorizado por la ley procesal para intervenir en un pleito y obtener una resolución como la apelada. Si El Pueblo de Puerto Rico tenía algún derecho que reclamar, debió formular su reclamación de acuerdo con la ley.

Es tan claro el error de procedimiento cometido, que la orden apelada cae por su base. La corte no tenía ante sí petición alguna válida del Pueblo y no estaba en tal virtud autorizada para ordenar lo que ordenó. No había llegado el momento de considerar y resolver si el Pueblo tenía o no un derecho preferente al de la demandante sobre el producto de la venta de los bienes embargados por ella, de acuerdo con la ley y la doctrina del caso de *Sucesión Romero* v. *Willoughby,* 10 D.P.R. 71, expuesta en opinión emitida por el Juez Presidente Quiñones, como sigue:

"No cabe, pues, ninguna duda, ni nadie sostiene lo contrario en estos autos, que según el artículo 315 del Código Político y demás disposiciones legales citadas, la contribución impuesta sobre los bienes inmuebles del contribuyente, constituye un verdadero gravamen, una verdadera carga real que pesa sobre ellos cualquiera que sea su poseedor; pero no puede sostenerse otro tanto respecto de la contribución impuesta a la propiedad personal del contribuyente. Sobre ésta, ni el artículo 315 del Código Político, ni ningún otro del mismo Código, le concede el carácter de gravamen o carga real sobre la propiedad inmueble del contribuyente, que permita a los colectores de Rentas perseguirlos después de haber salido de poder del deudor y pasado a la propiedad de un tercero; y siendo esto así, es claro que los agentes de rentas no pueden embargarlos para hacer efectiva sobre ellos una responsabilidad que la ley no les impone, por el principio jurídico universalmente reconocido, de que la propiedad se reputa libre mientras no conste que haya sido gravada por la ley o por algún otro título legítimo.

"La condición del Tesoro de Puerto Rico respecto a la contribución impuesta a la propiedad personal del contribuyente, queda, pues, reducida a la de un acreedor meramente personal, sin hipoteca ni derecho de retención alguno sobre los bienes inmuebles del deudor, que le permita perseguirlos después de salidos de su poder, para hacer efectivo sobre ellos el crédito de referencia, aunque sí con la

preferencia que le concede el artículo 1825 del nuevo Código Civil, concordante con el 1924 del antiguo, sobre los bienes muebles e inmuebles del deudor que no resulten especialmente afectos a otras responsabilidades preferentes, tales como los establecidos sobre determinados bienes inmuebles y derechos reales del deudor a que se refiere el número 1º. del artículo 1824 del mismo Código, y los comprendidos en el artículo anterior, o sea el 1823, sobre determinados bienes muebles del deudor, que gozan de absoluta preferencia sobre todos los demás acreedores.''

*Debe revocarse la orden apelada y dictarse otra mandando a entregar al demandante toda la suma depositada en poder del Secretario, o sea $770.*

El Juez Asociado Señor Texidor no intervino.